**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANGELA ARIAS, | : | CIVIL ACTION NO. 17-337 (JLL) |
| Plaintiff, | : | **OPINION & ORDER** |
| v. | : | |
| VERONICA STEWART, et al., | : | |
| Defendants. | : | |

**LINARES, Chief District Judge**

**IT APPEARING THAT:**

1.     The *pro se* plaintiff, Angela Arias, brings this action (hereinafter, "the Main Action") for what appears to be some form of relief related to a guardianship or visitation matter that concerns her grandchild that either is being addressed, or has been addressed, in a Pennsylvania state court.

2.     By an Order dated January 26, 2017 (hereinafter, "the First Order"), this Court denied Arias's *in forma pauperis* application, because Arias failed to: (a) declare under penalty of perjury that the information therein was true; (b) respond to a majority of the application's queries; and (c) provide complete and consistent responses concerning her income. (ECF No. 3.) However, this Court denied the application in the First Order without prejudice to Arias to either pay the filing fee or submit a revised application within twenty days. (Id.)

3.     By an Order dated March 3, 2017 (hereinafter, "the Second Order"), this Court administratively terminated the Main Action, because Arias failed to either file a renewed *in forma pauperis* application or pay the required fee by the deadline set forth in the First Order. (ECF No. 4.)

4.     On March 6, 2017, Arias paid the filing fee in response to the Second Order. (ECF No. 5.) Thus, by an Order dated March 7, 2017 (hereinafter, "the Third Order"), this Court reopened and reinstated the Main Action, and directed Arias to proceed with the Main Action in accordance with the Federal Rules of Civil Procedure. (ECF No. 6.)

5.     On April 6, 2017, even though this Court reinstated the Main Action by operation of the Third Order, Arias brought a separate action (hereinafter, "the Separate Action") in the District of New Jersey for relief concerning what appears to be the same guardianship or visitation matter. (*See* Complaint, *Arias v. Stewart*, No. 17-2628 (D.N.J. Apr. 6, 2017), ECF No. 1.) In the Separate Action, Arias filed an *in forma pauperis* application, even though Arias had demonstrated an ability to pay the required fee by paying such fee in the Main Action. (Id., ECF No. 1-1.) In addition, Arias filed a motion for the appointment of *pro bono* counsel. (Id., ECF No. 4.)

6.     By an Order dated April 24, 2017, which was the fourth order entered concerning Arias's claims, the Magistrate Judge denied Arias's motion for *pro bono* counsel in the Separate Action. (Id., ECF No. 5.)

7.     By an Order dated June 28, 2017 (hereinafter, "the Fifth Order"), this Court

notified Arias that the Main Action would be dismissed if Arias failed to file proof of service with the Clerk of the Court in a timely fashion. (ECF No. 8.)

    **8.**      Arias did not file proof of service in response to the Fifth Order. Instead, Arias filed a motion that was styled as seeking a declaratory judgment (hereinafter, "the First Declaratory Judgment Motion"). (ECF No. 9.)

    **9.**      By an Order dated July 26, 2017 in the Separate Action (hereinafter, "the Sixth Order"), this Court: (a) denied the *in forma pauperis* application therein; and (b) dismissed the complaint therein without prejudice as being duplicative, and with leave to Arias to file a new and proper amended complaint to assert all of her claims under the Main Action. (*See* Order, *Arias v. Stewart*, No. 17-2628 (D.N.J. July 26, 2017), ECF No. 6.)

    **10.**     By an Order also dated July 26, 2017 in the Main Action (hereinafter, "the Seventh Order"), this Court: (a) extended the time for Arias to comply with the Fifth Order (which concerned the filing of proof of service) to September 8, 2017; (b) reiterated that Arias was required to file a new and proper amended complaint under the Main Action; (c) ordered Arias to comply with Federal Rules of Civil Procedure 8 and 10 when drafting and filing the aforementioned new amended complaint; and (d) administratively terminated the First Declaratory Judgment Motion without prejudice. (ECF No. 10.) This Court also noted in the Seventh Order that the First Declaratory Judgment Motion was incomprehensible, and that Arias's requests for relief therein were indiscernible. (Id.)

11.     Rather than file a new and proper amended complaint in compliance with the Sixth Order and the Seventh Order, Arias has now filed: (a) two separate motions that are each styled as a "Motion for relief of declaratory judgment;" (b) two separate petitions that are each styled as a "Petition for extraordinary writ of habeas corpus pursuant to 28 U.S.C. § 1651(a), § 2241 [and] § 2254"; and (c) a motion that is styled as a "Motion for leave to amend." (ECF No. 11; ECF No. 12; ECF No. 13; ECF No. 14; ECF No. 15.) Once again, this Court finds the contents of the aforementioned papers that have been filed by Arias to be indiscernible.

12.     Arias has now failed to comply with several Orders issued by this Court over the course of seven months. This Court has provided Arias with repeated opportunities to set forth her claims in a clear and concise manner, but Arias has not followed the aforementioned Orders and has repeatedly filed papers that do not comply with the basic tenets of the Federal Rules of Civil Procedure. At this juncture, after carefully scrutinizing all of the papers that have been filed by Arias in the Main Action and in the Separate Action, this Court cannot even completely discern the nature of the relief that Arias is seeking. Furthermore, this Court is uncertain whether any of the apparent defendants have been served with any of the papers that have been filed by Arias.

13.     Thus, for Arias's failure to comply with this Court's Orders and with the Federal Rules of Civil Procedure, Arias's claims are dismissed.

**IT IS THEREFORE** on this ___18th___ day of August, 2017, **ORDERED** that the plaintiff's separate motions that are each styled as a "Motion for relief of declaratory judgment" **(ECF No. 11 and ECF No. 13)**, the plaintiff's separate petitions that are each styled as a "Petition for extraordinary writ of habeas corpus pursuant to 28 U.S.C. § 1651(a), § 2241 [and] § 2254" **(ECF No. 12 and ECF No. 15)**, and the plaintiff's motion that is styled as a "Motion for leave to amend" **(ECF No. 14)** are **DENIED**; and it is further

   **ORDERED** that the plaintiff's claims are **DISMISSED**; and it is further

   **ORDERED** that the action is **CLOSED**.


_____
**JOSE L. LINARES**
Chief Judge, United States District Court